Edsel Eugene HALE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2003–SC–0284–MR.

Supreme Court of Kentucky.

Feb. 17, 2005.

---

stand trial, and because the trial court did not have reasonable grounds—either before or after Appellant's evaluation—to believe that Appellant was incompetent to stand trial, the trial court did not err in accepting Appellant's guilty pleas or in not conducting a competency hearing. Accordingly, we affirm Appellant's convictions.

John Palombi, Assistant Public Advocate, Department of Public Advocacy, Frankfort, Counsel for Appellant.

Gregory D. Stumbo, Attorney General, Perry T. Ryan, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, Counsel for Appellee.

KELLER, Justice.

## I. INTRODUCTION

Upon his pleas of guilty to First–Degree Robbery, Second–Degree Assault, Kidnapping, Criminal Attempt to Commit Murder, and to being a First–Degree Persistent Felony Offender, Appellant was sentenced to a total of thirty-years imprisonment. Now, in this appeal, Appellant argues that because the trial court ordered him to submit to a psychological evaluation after he entered his guilty pleas, the trial court thus questioned his competency to stand trial, and therefore, he contends that the trial court erred in accepting his guilty pleas before resolving the competency issue. Additionally, Appellant contends that his pleas were infirm because the trial court failed to conduct a competency hearing after the filing of the report on his mental condition. Because a trial court may order a mental evaluation without having reasonable grounds to believe that the defendant is incompetent to

## II. BACKGROUND

During the first day of his trial, Appellant pled guilty to First–Degree Robbery, Second–Degree Assault, Kidnapping, Criminal Attempt to Commit Murder, and to being a First–Degree Persistent Felony Offender. These charges arose from Appellant allegedly carjacking Charles Bright, driving him to a remote location, taking his money, his truck and the animals inside the truck, striking Mr. Bright in the head with a pistol, and then shooting at him. In accepting his pleas, the trial court conducted the routine *Boykin*[1] colloquy—which we have reviewed—during which Appellant was coherent and seemed to have an above-average comprehension of the proceedings. In addressing the trial court earlier that day, Appellant was able to recount the number of times he had appeared before the court, the day of his pretrial, the day his counsel had been appointed, the number of times he had met with counsel, and a review of the discovery produced by the Commonwealth's Attorney's office. After accepting Appellant's guilty pleas, the trial court ordered a psychological evaluation of Appellant. It does not appear from the record that reasonable grounds existed to believe that Appellant was incompetent to stand trial when the evaluation was ordered by the trial court. The evaluation stated that Appellant was competent and the trial court

---

1. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

subsequently sentenced the Appellant to thirty-years imprisonment.

## III. ANALYSIS

Appellant argues that the trial court ordered a psychological evaluation of him due to doubts concerning his mental condition, and therefore, he contends that the trial court could not have properly accepted his guilty pleas until the completion of the evaluation and a competency hearing in accordance with KRS 504.100. For these reasons, Appellant requests that his appeal be held in abeyance while the case is remanded for a retrospective competency hearing.

Although a trial court is required to order a psychological evaluation when it has reasonable grounds to believe that a defendant is incompetent to stand trial,[2] it may do so at its discretion absent such grounds. For example, before imposing a sentence for a felony conviction, "the court may order the defendant to submit to psychiatric observation and examination for a period not exceeding sixty (60) days."[3] And that is exactly what happened in this case. Appellant's competence was not in question and was not raised as an issue by Appellant himself or his trial counsel. In ordering Appellant's evaluation the trial court did not indicate that it had reasonable grounds to believe that Appellant was incompetent; rather, in the Order for Psychiatric Evaluation, entered on February 15, 2001, the Court stated: "IT IS HEREBY ORDERED pursuant to *KRS 532.050(3)* that the defendant submit to psychiatric observation and examination for a period not to exceed Sixty (60) Days...." Thus the purpose of the evaluation was to allow the trial court to make an informed sentencing determination. The acceptance of the pleas prior to the completion of the evaluation was entirely proper, and because the evaluation found that Appellant was competent, the failure to hold a competency hearing was not error.

## IV. CONCLUSION

For the above reasons, we affirm the judgment of the Laurel Circuit Court.

All concur.

---

2.  KRS 504.100.

3.  KRS 532.050(3).